# H. H. ORENDORFF & COMPANY
## v.
## WILLIAM MYERS.

*Sales—Reaping Machine—Right to Return—Oral Instructions—Evidence—Damages.*

1. Where the evidence is sharply conflicting this court will not interfere with the verdict of the jury.

2. In an action brought to recover the price of a reaping machine, the contention being as to whether the contract of sale reserved the right to return the same should it prove unsatisfactory, this court declines to interfere with a verdict for the defendant.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of Fulton County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. BARRERE & GRANT, for appellants.

Messrs. DANIEL ABBOTT and GRAY. & WAGGONER, for appellee.

WALL, P. J. Appellants brought an action against the appellee before a justice of the peace. The case was removed by appeal to the Circuit Court, where, on a trial by jury, there was a verdict in favor of the appellee, against the appellants, for $25. The court overruled a motion for a new trial and judgment went according to verdict, from which an appeal is prosecuted to this court. The appellants, by their agent, sold to appellee a reaper and mower for the sum of $210, and took from appellee his old machines at $50, leaving a balance of $160. They disposed of the old machines received from appellee to other parties.

The mower, proving unsatisfactory, was returned by the appellee and was accepted by appellants ; the price of same, $50, was to be deducted from the balance above stated, which would leave $110. Appellee took the reaper a few days later, and finding it did not work well he notified appellants, and they sent a man to assist him with it, and to see what was necessary to remedy the trouble. After a good deal of trial it failed to perform to the satisfaction of appellee, and he returned it to appellants, who declined to accept it, but it was left on their premises, and appellee never had anything more to do with it.

The main controversy as to the facts was whether, when the original trade was made, it was on condition that appellee might return the machine if it was not satisfactory to him on trial. This was affirmed on one side and denied on the other. It was also alleged by appellants that they furnish a bundle-carrier, which was extra, worth $12, and this was controverted

by appellee, who insisted that it was a part of the reaper and not to be charged as an extra.

It is not very material, however, whether this was so or not, if, as appellee insists, he had the right to return the machine in the event that it did not give satisfaction. On the main point in controversy the evidence was so conflicting that it was especially the province of the jury to reconcile it, if possible, and if not, to accept that version which, upon the whole, seemed to them the more reasonable.

By consent of parties the court instructed the jury orally. It is contended now that the instructions so given did not properly advise the jury as to the burden of proof, but we think this objection is not well taken, and that the charge was substantially sufficient in this respect. It is also urged that the court should have instructed the jury, as requested, that if the defendant had the option of returning the machine if it did not work satisfactorily to him, yet such option could not be asserted arbitrarily or capriciously, but must have been based on such grounds as would have justified a reasonable man, acting in good faith, to return the machine. Assuming this to be a fair view to take of the condition asserted by the defendant and denied by the plaintiffs, we find nothing in the proof to warrant the position that the defendant acted arbitrarily or capriciously, nor can we suppose the verdict would have been different, had such an instruction been given.

If there was a condition such as defendant asserted, there was evidence to justify the conclusion that he acted reasonably in returning the machine. The judgment will be affirmed.

*Judgment affirmed.*